## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFILED DIVISION

| | | |
|---|---|---|
| Thelma Sutton, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 3:25-cv-03142 |
| | ) | |
| v. | ) | |
| | ) | |
| Cushman & Wakefield U.S., Inc. and | ) | |
| Securitas Security Services USA, Inc., | ) | Jury Trial Demanded |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, Thelma Sutton ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Cushman & Wakefield U.S., Inc. and Securitas Security Services USA, Inc. (collectively "Defendants"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1.    This lawsuit arises under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") and Illinois Human Rights Act (775 ILCS 5/) ("IHRA") seeking redress for Defendants' sex discrimination, sex-based harassment and retaliation under Title VII.

## JURISDICTION AND VENUE

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3.    Venue of this action properly lies in the Central District of Illinois, Springfield Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendants operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4.    Plaintiff was employed by Defendants as an "employee" within the meaning of 42

U.S.C §2000e(f).

5.  During the applicable limitations period, Defendants have at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

6.  At all relevant times, Defendants, have continuously been under contract for services rendered in Illinois, and have continuously been a joint employer, which both Defendants generally controlled the terms and conditions of the employment of Plaintiff.

## THE PARTIES

7.  At all times material to the allegations of this Complaint, Plaintiff, Thelma Sutton, resides in Sangamon County, Illinois.

8.  At all times material to the allegations in this Complaint, Defendant, Securitas Security Services USA, Inc. is a corporation doing business in and for Sangamon County, Illinois, whose address is 993 Clocktower Dr STE C, Springfield, IL 62704.

9.  At all times relevant, Plaintiff was employed and worked at Cushman & Wakefield U.S., Inc. location at 205 S 5th St, Springfield, IL, 62701, which is in Sangamon County, Illinois.

## BACKGROUND FACTS

10.  Plaintiff began working for Defendants as a security guard in or around January 17, 2022 and was assigned to her placement on January 28, 2022.

11.  Since at least January 28, 2022 through October 2022, Defendants subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected class.

12.  Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

13. Plaintiff is in a protected class because of her sex, female.

14. On or about January 28, 2022, Plaintiff reported sex harassment from a janitor at her placement, Barry Russell Rahar ("Rusty").

15. Rahar was contracted through a third-party company, Capital Lot Service, Inc.

16. Rahar was making sexually explicit statements toward Plaintiff, and on one occasion made a disgusting comment when he was discussing about biscuits and gravy with Plaintiff stating "reminds me of a woman having an orgasm."

17. Rahar later shoved a picture of biscuits and gravy in Plaintiff's face, again referencing his vulgar comment.

18. Rahar would comment about how Plaintiff was looking in her uniform.

19. For example, Rahar would state, "you looking bigger or thicker today" and rudely suggest that Plaintiff could lose some weight.

20. Rahar would also make sexual comments such as, "I like black women because they are bigger so you can hold on to their fat asses so I would know how to handle you. "

21. Rahar asked Plaintiff if she had ever been with a white man sexually.

22. Rahar revealed details about his sex life, including that he had been watching a lot of porn because his wife was sick.

23. Rahar continuously harassed Plaintiff, attempting to isolate her in the boiler room or bring her down in the basement.

24. Plaintiff reported these issues to her boss, Securitas district manager Ken (LNU).

25. Plaintiff told KEn that Rahar was making her uncomfortable.

26. Ken dismissively told Plaintiff to avoid him, taking no action against the unwelcomed harassment.

27.    Eventually, after Plaintiff brought up the issue again, Ken told her to write a written statement, which she did.

28.    Plaintiff also reported these issues to employees at Cushman & Wakefield.

29.    Plaintiff even told a female manager that Rahar kept trying to take her down in the basement and asked for a key to the front door so that she wouldn't have to enter through the basement.

30.    Plaintiff was given this key.

31.    9 days later, on or about March 4, 2022, Ken moved Plaintiff to a different facility.

32.    Plaintiff continued working for Securitas for a roughly 6.5 months after that.

33.    Plaintiff continued asking Ken about her complaint and what he was going to do about the harassment.

34.    Months later, Plaintiff spoke with Ken who finally admitted "Yeah, that guy was out of pocket, and when I discussed your complaint with the bank owner, he just told me to get rid of you", which is what Ken had done.

35.    In October 2022, Ken informed Plaintiff there was no posts available for her.

36.    Plaintiff met or exceed Defendant's performance expectations during the entire duration of their employment.

37.    Plaintiff was unlawfully terminated because of her sex, (female) in October 2022.

38.    Plaintiff was retaliated against, and her employment was ultimately terminated for opposing unlawful discrimination and for exercising their protected rights.

39.    Plaintiff reported the sex-based harassment to Defendant.

40.    Plaintiff was targeted for termination because of her sex.

41.    Plaintiff suffered multiple adverse employment actions including, but not limited

4

to being terminated.

42.    There is a basis for employer liability for the sex-based harassment that Plaintiff was subjected to.

43.    Plaintiff can show that she engaged in statutorily protected activity –a necessary component of their retaliation claim- because Plaintiff lodged complaints directly to her manager about the harassment.

<u>**COUNT I**</u>
**Violation of Title VII of the Civil Rights Act of 1964**
**(Sex-Based Discrimination)**

44.    Plaintiff repeats and re-alleges paragraphs 1-43 as if fully stated herein.

45.    By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

46.    Plaintiff met or exceeded performance expectations.

47.    Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

48.    Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

49.    Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sex.

50.    Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

51.    As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

<u>**COUNT II**</u>
**Violation of the Illinois Human Rights Act (775 ILCS 5/) ("IHRA")**

**(Sex-Based Discrimination)**

52. Plaintiff repeats and re-alleges paragraphs 1-43 as if fully stated herein.

53. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex, in violation of the Illinois Human Rights Act, 775 ILCS5/.

54. Plaintiff met or exceeded performance expectations.

55. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

56. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

57. Plaintiff is a member of a protected class under the IHRA, due to Plaintiff's sex.

58. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

59. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of The Civil Rights Act of 1964
**(Sex-Based Harassment)**

60. Plaintiff repeats and re-alleges paragraphs 1-43 as if fully stated herein.

61. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sex-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

62. Defendant knew or should have known of the harassment.

63. The sex-based harassment was severe or pervasive.

64. The sex-based harassment was offensive subjectively and objectively.

6

65.    The sex-based harassment was unwelcomed.

66.    Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's sex, female.

67.    Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

68.    As a direct and proximate result of the sex-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

<u>COUNT IV</u>
**Violation of the Illinois Human Rights Act, 775 ILCS 5/**
**Sex-Based Harassment**

69.    Plaintiff repeats and re-alleges paragraphs 1-43 as if fully stated herein.

70.    By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sex-based harassment, in violation of Illinois Human Rights Act (775 ILCS5/).

71.    Defendant knew or should have known of the harassment.

72.    The sex-based harassment was severe or pervasive.

73.    The sex-based harassment was offensive subjectively and objectively.

74.    The sex-based harassment was unwelcomed.

75.    Plaintiff is a member of a protected class under Illinois Human Rights Act (775 ILCS5/)., due to Plaintiff's sex, female.

76.    Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

77.    As a direct and proximate result of the sex-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other

7

employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT V**
**Violation of Title VII of The Civil Rights Act of 1964**
**(Retaliation)**

78.   Plaintiff repeats and re-alleges paragraphs 1-43 as if fully stated herein.

79.   Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq.*

80.   During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted sex discrimination or sex-based harassment.

81.   As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

82.   In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sex discrimination or harassment.

83.   Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

84.   Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

85.   By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting the sex-based discrimination or harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

86.   Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

87.   As a direct and proximate result of the above-alleged willful and/or reckless acts of

8

Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

a.   Back pay with interest;

b.   Payment of interest on all back pay recoverable;

c.   Compensatory and punitive damages;

d.   Reasonable attorneys' fees and costs;

e.   Award pre-judgment interest if applicable; and

f.   Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 21st day of May 2025.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

/s/ *Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**

9

2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*