E-FILED
Monday, 03 August, 2026 01:23:53 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| THELMA SUTTON,      ) | |
|      ) | |
| Plaintiff,      ) | |
|      ) | |
| v.      ) | No. 3:25-cv-3142 |
|      ) | |
| CUSHMAN & WAKEFIELD U.S.,      ) | |
| INC., and SECURITAS SECURITY      ) | |
| SERVICES USA, INC.,      ) | |
|      ) | |
| Defendant.      ) | |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on Defendant Securitas

Security Services USA, Inc.'s ("Defendant") Motion to Dismiss the

First Amended Complaint (d/e 24) filed by Plaintiff Thelma Sutton

("Plaintiff"). Plaintiff's Amended Complaint (d/e 23) states a claim

upon which relief can be granted, so Defendant's Motion (d/e 24) is

DENIED.

### I.    BACKGROUND

The following facts are alleged in Plaintiff's Amended

Complaint (d/e 23) and are accepted as true at the motion to

dismiss stage. <u>Bible v. United Student Aid Funds, Inc.</u>, 799 F.3d 633, 639 (7th Cir. 2015).

In January 2022, Plaintiff began working as a security guard for Defendant Securitas. <u>See</u> d/e 23, p. 3, ¶ 16. She was stationed at a property owned by Cushman & Wakefield, a bank and co-defendant in this matter, where a male janitor employed by a third-party repeatedly made sexually explicit comments towards her. <u>Id.</u> at pp. 3-4, ¶¶ 15, 20-29. The male janitor told Plaintiff that biscuits and gravy "reminds me of a woman having an orgasm." <u>Id.</u> at p. 3, ¶ 22. He also made comments to Plaintiff, a black woman, such as, "I like black women because they are bigger so you can hold on to their fat asses so I would know how to handle you." <u>Id.</u> at p. 3, ¶ 26. He also asked if Plaintiff had ever been with a white man sexually, frequently talked about his sex life and porn, and repeatedly tried to isolate Plaintiff in the boiler room or bring her down into the basement. <u>Id.</u> at p. 4, ¶¶ 27-29. Plaintiff reported the issues to her manager, Ken.[1] <u>Id.</u> at p. 4, ¶ 30.

---

[1] Ken's last name was not specified.

In March 2022, shortly after Plaintiff reported the male janitor's comments to Ken, Ken relocated her to a different facility. Id. at p. 4, ¶¶ 30-37. Plaintiff repeatedly followed up with Ken about the male janitor's comments and her report. Id. at p. 4, ¶ 40. Plaintiff alleged that Ken eventually stated, "Yeah, that guy was so out of pocket, and when I discussed your complaint with the bank owner [of Cushman & Wakefield], he just told me to get rid of you." Id. at pp. 4-5, ¶ 40.

In October 2022, Defendant Securitas terminated Plaintiff, citing lack of work. Id. at p. 5, ¶ 41.

On September 2, 2023, Plaintiff filed a signed Charge of Discrimination under the Illinois Human Rights Act ("IHRA") (d/e 25-1).[2] On September 7, 2023, the Illinois Department of Human Resources ("IDHR") received Plaintiff's Charge of Discrimination against Defendant Securitas and cross-filed it under Title VII with the U.S. Equal Employment Opportunity Commission ("EEOC"). Id.

On July 26, 2024, IDHR notified Plaintiff of the dismissal of her charge against Defendant Securitas and issued her a Notice of

---

[2] This Opinion addresses the Court's consideration of extraneous documents in the analysis section.

Right to Sue. See d/e 23, Ex. B at p. 22. On March 27, 2025, the EEOC notified Plaintiff of the dismissal of her charge against Defendant Securitas and issued her Notice of Right to Sue (d/e 25-3).

On May 15, 2025, Plaintiff's then-counsel emailed the EEOC requesting access to the documentation of charges filed with both the EEOC and the IDHR against Defendant Securitas and Co-defendant Cushman & Wakefield. See d/e 23, Ex. A at p. 13.

On May 21, 2025, Plaintiff filed a Complaint in this Court against Defendant Securitas and Co-defendant Cushman & Wakefield. See d/e 1, p. 1. Plaintiff filed claims for (1) sex-based discrimination under Title VII, (2) sex-based discrimination under the IHRA, (3) sex-based harassment under Title VII, (4) sex-based harassment under the IHRA, (5) retaliation under Title VII, and (6) retaliation under the IHRA. Id. at p. 1, ¶ 1.

On January 16, 2026, Defendant Securitas filed a Motion to Dismiss (d/e 17). Magistrate Judge Douglas Quivey granted Plaintiff leave to amend her Complaint and, on February 3, 2026, she filed this Amended Complaint. See February 3, 2026 Text Entry; see also

d/e 23. On February 13, 2026, Defendant Securitas filed this Motion to Dismiss (d/e 24).

Plaintiff alleges causes of action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and the Illinois Human Rights Act, 775 ILCS 5/ ("IHRA"). See d/e 23, p. 1, ¶ 1.

As relevant here, Plaintiff alleges that Defendant Securitas violated Title VII and the IHRA by "intentionally discriminat[ing] against Plaintiff based on Plaintiff's sex." Id. at pp. 5-6, ¶¶ 51, 59. Plaintiff alleges that she "is a member of a protected class under Title VII [and the IHRA] due to [her] sex, female." Id. at p. 5, ¶¶ 52, 60. Plaintiff claims she "was unlawfully terminated because of her sex," "was targeted for termination because of her sex," and "suffered multiple adverse employment actions including but not limited to being terminated." Id. at p. 5, ¶¶ 43, 46-47.

Plaintiff further alleges that she "met or exceeded performance expectations." Id. at p. 5, ¶ 42. Plaintiff also claims that she "was treated less favorably than similarly situated employees outside of Plaintiff's protected class." Id. at p. 6, ¶ 54.

## II.    JURISDICTION

This Court has subject matter jurisdiction over Plaintiff's claims arising under the Title VII of the Civil Rights Act of 1964, which is a federal statute. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The Court has supplemental jurisdiction over Plaintiff's claims arising under the Illinois Human Rights Act pursuant to its supplemental jurisdiction. See 28 U.S.C. § 1367(a) (A district court with original jurisdiction of a civil action "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]").

Venue is proper because Defendant Securitas is headquartered in the Central District of Illinois and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Central District of Illinois. See 28 U.S.C. § 1391(b), see also d/e 23, p. 2-3, ¶¶ 13-15.

Page **6** of **24**

## III.   LEGAL STANDARD

### a. The Court May Consider Extraneous Documents Included with a Motion to Dismiss Without Converting to a Motion for Summary Judgment under Federal Rule of Civil Procedure 12(d).

If a motion under Federal Rule of Civil Procedure 12(b)(6) presents matters outside the pleadings that the court then considers, then the court is obliged to convert the motion to one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). However, the Seventh Circuit Court of Appeals in Tierney v. Vahle identified a narrow exception to allow consideration of attachments to a motion to dismiss under Rule 12(b)(6). Tierney v. Vahle, 304 F.3d 734, 738-39 (7th Cir. 2002). This Court may consider such attachments provided they are (1) at least referenced in the pleadings, (2) indisputably authentic, and (3) central to the plaintiff's claim. Id.

### b. A Failure to Exhaust Administrative Remedies is an Affirmative Defense that Should be Properly Raised in a Defendant's Answer.

A motion to dismiss under Rule 12(b)(6) challenges the complaint's sufficiency. Christensen v. Cnty. of Boone, 483 F.3d 454, 458 (7th Cir. 2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to

relief" that puts the defendant on notice of the allegations. Fed. R. Civ. P. 8(a)(2), see also Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002). The Court accepts all well-pled facts alleged and draws all possible inferences in the plaintiff's favor. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

The complaint must put forth plausible grounds to demonstrate a claim for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). A plausible claim is one from which the court can draw reasonable inferences that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Additionally, the complaint must raise a reasonable expectation that discovery will reveal evidence of liability. Twombly, 550 U.S. at 556. A complaint merely reciting a cause of action or conclusory legal statements is insufficient. Iqbal, 556 U.S. at 678.

Before bringing a Title VII claim, the plaintiff must have first exhausted administrative remedies by filing a Charge of Discrimination with the EEOC and subsequently receiving a Notice of Right to Sue. See 42 U.S.C. §§ 2000e–5(e)(1), (f)(1). This charge-filing requirement of a Title VII claim is a nonjurisdictional claim-processing rule, which must only be enforced if a party properly

Page **8** of **24**

raises it at the proper time, as in an affirmative defense for failure to exhaust administrative remedies. <u>Fort Bend Cnty., Texas v. Davis</u>, 587 U.S. 541, 552 (2019); <u>see</u> <u>also</u> <u>Henderson v. Shinseki</u>, 562 U.S. 428, 435 (2011); <u>see</u> <u>also</u> <u>Massey v. Helman</u>, 196 F.3d 727, 735 (7th Cir. 1999). Failure to exhaust administrative remedies is an affirmative defense properly brought in a defendant's Answer. <u>Mosely v. Bd. of Educ. of City of Chicago</u>, 434 F.3d 527, 533 (7th Cir. 2006).

**c. The Pleading Standards for Title VII and IHRA Sex-based Discrimination Claims are Minimal, and a Plaintiff Must only Allege that her Employer Instituted an Adverse Employment Action Against the Plaintiff on the Basis of her Sex.**

To state a claim for sexual discrimination under Title VII, an employee must allege that the employer discriminated against her in a hiring decision, discharge, or other adverse employment action "because of [her] race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). The Seventh Circuit has held that there is a "minimal pleading standard for simple claims of race and sex discrimination." <u>Tamayo</u>, 526 F.3d at 1084 (citing <u>E.E.O.C. v. Concentra Health Services, Inc.</u>, 496 F.3d 773, 781-82 (7th Cir. 2007)).

"A complaint alleging sex discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex." Tamayo, 526 F.3d at 1084. In the Seventh Circuit, termination is considered an adverse employment action. Alamo v. Bliss, 864 F.3d 541, 552 (7th Cir. 2017). Furthermore, an employee must only show that her sex was a motivating factor, not that her sex was the exclusive reason for the employer's adverse employment action. Tamayo, 526 F.3d at 1086. "To survive screening or a motion to dismiss, a plaintiff need only allege enough facts to allow for a plausible inference that the adverse action suffered was connected to her protected characteristics." Kaminski v. Elite Staffing, Inc., 23 F.4th 774, 777 (7th Cir. 2022) (citing Graham v. Bd. of Educ., 8 F.4th 625, 627 (7th Cir. 2021)).

A discrimination claim may be direct or indirect. Silverman v. Board of Educ. of the City of Chicago, 637 F.3d 729, 733 (7th Cir. 2011). A plaintiff may have an indirect sex-based discrimination claim if "(1) she is a member of a protected class, (2) her job performance met [the employer's] legitimate expectations, (3) she suffered an adverse employment action, and (4) another similarly

situated individual who was not in the protected class was treated more favorably than the plaintiff." Burks v. Wisconsin Dep't of Transportation, 464 F.3d 744, 750–51 (7th Cir. 2006); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 793 (1973) (the indirect method requires a "similarly situated" individual with whom to compare). However, the McDonnell Douglas burden-shifting framework tests the sufficiency of evidence, not the sufficiency of a pleading, and is thus unnecessary at this stage. Kaminski, 23 F.4th at 777.

### IV. ANALYSIS

**a. The Court Considers the Extraneous Documents Attached to Defendant Securitas' Motion to Dismiss Without Converting to a Motion for Summary Judgment Because the Extraneous Documents are Referenced in the Pleading, Indisputably Authentic, and Central to Plaintiff's Claim.**

Defendant attached the following documents as exhibits to the Motion to Dismiss: the IDHR's Notice of Dismissal issued to Plaintiff; Plaintiff's Charge of Discrimination filed with the IDHR and the EEOC; and the EEOC's Notice of Right to Sue issued to Plaintiff. See d/e 24, see also d/e 25-2; d/e 25-1; d/e 25-3. Since the IDHR's Notice of Dismissal was also attached to Plaintiff's Amended Complaint, the document is considered incorporated and adopted

as part of the pleading. See Tierney, 304 F.3d at 739; see also d/e 23, Ex. B at p. 22; d/e 25-2. However, the Charge of Discrimination and the EEOC's Notice of Right to Sue were not attached to Plaintiff's Amended Complaint and are thus considered extraneous documents. See d/e 25-1; see also d/e 25-3; Fed. R. Civ. P. 12(d). Typically, the Court is obliged to disregard extraneous documents attached to a motion to dismiss under Rule 12(b)(6) or else convert the motion to one for summary judgment. Tierney, 304 F.3d at 738; Fed. R. Civ. P. 12(d).

However, Defendant argues that the extraneous documents attached as exhibits to the Motion should be considered by this Court, without conversion to a motion for summary judgment, due to an exception in contract law. See 188 LLC v. Trinity Indus., Inc. 300 F.3d 730, 735 (7th Cir. 2002). Defendant argues, quoting 188 LLC v. Trinity Industry, Inc., that "it is well-settled in this circuit that 'documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." Id. (quoting Wright v. Associated Ins. Companies Inc., 29 F.3d 1244, 1248 (7th Cir. 1994)). However, this exception's application has almost exclusively

been limited to contract cases. Both <u>188 LLC</u> and <u>Wright</u> are contract cases, and the legal theory Defendant attributes to <u>Wright</u> is originally from <u>Venture Associates v. Zenith Data Systems</u>, 987 F.2d 429, 431 (7th Cir. 1993), another contract case. <u>See</u> <u>188 LLC,</u> 300 F.3d at 735; <u>see</u> <u>also</u> <u>Wright</u>, 29 F.3d at 1248; <u>see</u> <u>also</u> <u>Venture Associates,</u> 987 F.2d at 431. This rule is a narrow exception intended to apply to contracts and <u>not</u> to "grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment." <u>Levenstein v. Salafsky</u>, 164 F.3d 345, 347 (7th Cir. 1998). This line of cases does not expand the limited exception for extraneous documents to apply to cases outside of contract law, so the Court, therefore, declines to apply the contracts exception to the case at bar.

Nonetheless, this Court may still consider the extraneous documents in addressing Defendant's Motion to Dismiss without converting the motion to a motion for summary judgment due to the expansion of the exception in <u>Tierney</u>. <u>See</u> <u>Tierney</u>, 304 F.3d at 739. The court in <u>Tierney</u> took a step towards both expanding this exception, as well as marking its boundaries, by explicitly limiting it to contract cases <u>unless</u> the attachments are (1) at least referenced

in the pleading, (2) indisputably authentic, and (3) central to the plaintiff's claim. Id. at 738-39.

The first prong requires that the documents be, at the very least, referred to in the pleading to avoid either one of parties lacking notice of the documents or the plaintiff intentionally declining to attach documents that would prove the claim had no merit. Id. at 738.

Here, Plaintiff's Amended Complaint alleges that she filed a Charge of Discrimination with the EEOC and the IDHR and received a Notice of Right to Sue from the EEOC for her filed charge. See d/e 23, p. 2, ¶¶ 9-10. Although these references establish that Plaintiff has had access to these documents at some point in time, and, therefore, furnish notice, they do not go so far as to insinuate that Plaintiff's claim has no merit. As such, the references are sufficient to satisfy the first prong of the Tierney test.

The second prong of the Tierney test stipulates that the documents must be indisputably authentic so as not to require discovery to authenticate or disambiguate them. Tierney, 304 F.3d at 739.

The Charge of Discrimination and the EEOC's Notice of Right to Sue attached to Defendant's Motion to Dismiss can be considered indisputably authentic since both documents include IDHR and EEOC charge numbers identical to those identified on the email chain submitted by Plaintiff. <u>See</u> d/e 25-1; d/e 25-3; d/e 23, Ex. A at p. 13. Moreover, the Charge of Discrimination is signed by Plaintiff, <u>see</u> d/e 25-1, and Plaintiff does not dispute the authenticity of either document.

The third prong of the <u>Tierney</u> test requires that the documents must be central to the plaintiff's claim. <u>Tierney</u>, 304 F.3d at 738. Since the Charge of Discrimination and the EEOC's Notice of Right to Sue are the only known record of Plaintiff's allegations, they are central to Plaintiff's claims. <u>See</u> d/e 25-1; d/e 25-3.

In sum, because the documents attached to Defendant's Motion to Dismiss satisfy the exception in <u>Tierney</u>, this Court will consider the documents attached to Defendant's Motion to Dismiss without converting to a motion for summary judgment under Rule 56(a).

**b. The Court Denies the Motion to Dismiss All Counts for Failure to Exhaust Administrative Remedies Because a Motion to Dismiss Is an Inappropriate Motion to Raise Affirmative Defenses.**

In order to file a Title VII claim in federal court, Title VII requires a plaintiff to first file a Charge of Discrimination with the EEOC within 300 days of the alleged behavior. 42 U.S.C. §§ 2000e–5(e)(1), (f)(1). Then, if the EEOC declines to pursue the filed Charge, the EEOC must issue to the plaintiff a dismissal of the Charge and Notice of Right to Sue. 42 U.S.C. §§ 2000e–5(f)(1). Upon receipt of the EEOC notice, the plaintiff then has 90 days to file suit. 42 U.S.C. § 2000e-5(f)(1); 29 C.F.R. § 1601.28(e)(1). The process for filing under the IHRA is identical to the EEOC, except that the plaintiff has two years to file a Charge of Discrimination, as opposed to the EEOC's 300-day rule. 775 ILCS 5/7A-102(A-1)(3)(A); 42 U.S.C. §§ 2000e–5(e)(1), (f)(1).

Defendant's Motion to Dismiss argues that all six claims in Plaintiff's Amended Complaint should be dismissed under Rule 12(b)(6) due to Plaintiff's alleged failure to timely exhaust administrative remedies. See d/e 25, p. 4. Defendant argues that Plaintiff's Charge of Discrimination was untimely filed with the

EEOC and that Plaintiff's claims raised under the IHRA were untimely filed with this Court. See d/e 25, pp. 5-7. Defendant also argues that Plaintiff failed to exhaust her administrative remedies by failing to reference her termination in her Charge of Discrimination. See id. at p. 8.

However, a failure to exhaust administrative remedies challenge is an affirmative defense, rendering Defendant's Motion to Dismiss under Rule 12(b)(6) an inappropriate motion to raise these challenges. Mosely, 434 F.3d at 533. The charge-filing requirement of a Title VII claim is a non-jurisdictional claim-processing rule, which must only be enforced if a party properly raises it at the proper time. Fort Bend Cnty., Texas, 587 U.S. at 549-52; Henderson, 562 U.S. at 435. Failure to exhaust administrative remedies and the timeliness of any charges filed should be brought as affirmative defenses in the Defendant's Answer. Massey, 196 F.3d at 735. Therefore, Defendant's challenges to Plaintiff's claims based upon a failure to exhaust administrative remedies are denied.

**c. The Court Denies the Motion to Dismiss Counts I and II for Failure to State a Claim Because Plaintiff Pleads the Necessary Elements for Title VII and IHRA Sex-Based Discrimination Claims.**

Defendant's Motion to Dismiss argues that Plaintiff's claims for sex-based discrimination under Title VII and the IHRA should be dismissed for failure to state a claim. <u>See</u> d/e 25, p. 9-10.

Title VII prohibits an employer from taking a discriminatory adverse employment action against an individual "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). The Seventh Circuit has held that there is a "minimal pleading standard for simple claims of race and sex discrimination." <u>Tamayo</u>, 526 F.3d at 1084 (citing <u>Concentra</u>, 496 F.3d at 781-82). "A complaint alleging sex discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex." <u>Tamayo</u>, 526 F.3d at 1084.

Plaintiff alleges multiple times that she was terminated because of her gender and the events leading up to her termination, which are to be taken as true at this stage, support this conclusion. <u>Tamayo</u>, 526 F.3d at 1081; <u>see</u> <u>also</u> d/e 23 at p. 5, ¶¶ 43, 46. The minimal pleading standard of a sex-based discrimination claim can be simplified into three elements: (1) Plaintiff is a member of a protected class, (2) Plaintiff suffered an adverse employment action,

and (3) that the adverse employment action was because of her status as a member of a protected class. See Tamayo, 526 F.3d at 1084. Plaintiff alleging that she "is a member of a protected class under the Title VII due to Plaintiff's sex, female" satisfies the first prong of the claim requirement. See d/e 23 at p. 5, ¶ 52. Plaintiff also satisfies the second prong since termination is considered an adverse employment action in the Seventh Circuit, and Plaintiff alleges that, in October 2022, she was terminated after her manager, Ken, informed her that there were no available posts for her. Id. at p. 5, ¶ 41; see also Alamo, 864 F.3d at 552.

As such, this Court must only analyze whether Plaintiff successfully pled that her termination was "because of" her sex under the third prong of the claim requirement. Under the third prong requirement, Plaintiff must allege that the adverse employment action occurred "because of" her status as a member of a protected class. Tamayo, 526 F.3d at 1084; see also Kaminski, 23 F.4th at 777-78.

Defendant argues that Plaintiff's Amended Complaint fails to connect the adverse employment action, her termination, to her protected status as female. See d/e 25, p. 9-10. Defendant cites

Kaminski for the proposition that a plaintiff alleging employment discrimination "must describe 'what facts or circumstances [led] her to believe her treatment was <u>because of</u> her membership in a protected class.'" <u>See</u> <u>id.</u> at p. 9 (quoting <u>Kaminski</u>, 23 F.4th at 777-78 (emphasis in original)). Defendant argues that Plaintiff alleged that she "was unlawfully terminated because of her sex" without explicitly elaborating on what led her to believe her termination was because of her sex. <u>See</u> d/e 25 at p. 10; <u>see</u> <u>also</u> d/e 23 at p. 5, ¶ 43. Defendant concludes that, therefore, "[t]he only reasonable inference from Plaintiff's allegations is that her termination was because of workload issues, not discriminatory animus based on sex." <u>See</u> d/e 25 at p. 10.

The Seventh Circuit in <u>Kaminski</u> held that "a litigant's best shot at stating a plausible employment discrimination claim is to explain, in a few sentences, how she was aggrieved and what facts or circumstances [led] her to believe her treatment was because of her membership in a protected class." <u>Kaminski</u>, 23 F.4th at 777-78 (emphasis in original). In other words, the court in <u>Kaminski</u> specified that this clear-cut explanation is the <u>best</u> way to state a

plausible employment discrimination claim, not the only way. See id.

In Kaminski, the plaintiff hardly described her termination except for including a fact that it was due to a company policy. Id. at 776-77. The plaintiff primarily focused on communications with the Human Resources department that were in no way connected to her termination. Id. As a result, the Seventh Circuit held that the plaintiff had not provided enough facts to lead to a plausible inference of sex discrimination. Id. at 777-78. The court suggested that if the plaintiff had, in clear terms, stated why she believed her treatment was because of her sex, then that explanation would have satisfied the pleading standard for a sex-based discrimination claim. Id. However, the plaintiff did not state why she believed her treatment was because of her gender, nor did she provide enough facts that would lead a fact finder to make a reasonable inference of sex-based discrimination. Id.

Here, in contrast, Plaintiff described in detail the events she alleged were directly related to her termination. Plaintiff recounted the sexually explicit comments she received from the janitor working at the same location as her, which included: "[biscuits and

gravy] reminds me of a woman having an orgasm" and "I like black women because they are bigger so you can hold on to their fat asses so I would know how to handle you." d/e 23 at p. 3, ¶¶ 22, 26. He also asked Plaintiff if she had ever been with a white man sexually, talked frequently about his sex life and porn, and tried repeatedly to isolate Plaintiff in the boiler room or bring her down into the basement. Id. at p. 4, ¶¶ 27-29. Plaintiff then detailed her efforts to report the behavior to management, her relocation to a different facility, and her attempts to follow up on her report with management. Id. at pp. 4-5, ¶¶ 32-33, 37-40. Most importantly, Plaintiff alleged that Ken eventually admitted, "Yeah, that guy was so out of pocket, and when I discussed your complaint with the bank owner, he just told me to get rid of you." Id. at pp. 4-5, ¶¶ 39-40. Ken's statement that he was told to "get rid" of Plaintiff in response to her report ties her termination to the events included in her report. Plaintiff also explicitly attributed her termination to her sex. See id. at p. 5, ¶ 43.

Further, an employee only must show that her gender was a motivating factor for her termination, not that her sex was the exclusive reason for the employer's adverse employment action.

Page **22** of **24**

Tamayo, 526 F.3d at 1086. A fact finder could reasonably infer that Plaintiff's termination was effectively a punishment for reporting the janitor. This case is, therefore, distinguishable from Kaminski, where the plaintiff alleged so few facts related to her termination that a plausible inference could not be made linking her termination and her protected status. See Kaminski, 23 F.4th at 777-78.

Plaintiff further alleges that she "met or exceeded performance expectations" and there were "similarly situated individuals" who were treated more favorably. See d/e 23 at p. 5, ¶ 42; see also d/e 23 at p. 6, ¶ 54. From these inclusions, an inference can be made that Plaintiff may employ the indirect method of establishing a sex-based discrimination claim under the McDonnell Douglas burden-shifting framework. Because that framework tests the sufficiency of evidence, not the sufficiency of a pleading, see Kaminski, 23 F.4th at 777; see also McDonnell Douglas, 411 U.S. at 793, Plaintiff does not need to allege or prove at this stage that she "met or exceeded performance expectations" or that there were "similarly situated individuals" being treated more favorably. Id.

## V.    CONCLUSION

For the reasons stated, Defendant's Motion to Dismiss the

First Amended Complaint (d/e 23) is DENIED.

**ENTERED: August 3, 2026.**
**FOR THE COURT:**

_/s/ Sue E. Myerscough_
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**